IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Matthew Anderson #268166, ) | C/A No. 8:15-1505-GRA-JDA |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| ~~South Carolina Department of Corrections~~; ) | |
| Bernard Mackie; Ms. Gasque; ~~Lt. Gibson~~; ) | |
| ~~Sgt. Livingston; Sgt. Chestnut; Major Jackson~~; ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Matthew Anderson ("Plaintiff"), proceeding pro se, brings this § 1983 civil action alleging violations of his constitutional rights. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at Ridgeland Correctional Institution, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## **BACKGROUND**

Plaintiff brings this action because he allegedly was held in SCDC custody illegally for 86 days. [Doc. 1 at 3.] Specifically, he alleges that he received a five-month sentence on August 16, 2013, in the Greenville County Court of General Sessions for a probation violation, which he began to serve in SCDC on August 25, 2013, upon his arrival at Kirkland Correctional Institution ("Kirkland"). [*Id.*] On October 16, 2013, he allegedly was taken to state court on the charge of possession of crack cocaine, and he received a three-year sentence suspended to five months concurrent to the time he was already serving. [*Id.*] On October 18, 2013, Plaintiff reported to classification at Kirkland where he discussed his

max-out date with prison officials; they refused to honor the judge's concurrent sentence[1], and so he was held in prison 86 days past his original max-out date. [*Id.*]  Plaintiff alleges that he tried to report this matter to the defendants, but they denied his constitutional right to liberty by keeping him in prison for 86 additional days.[2]  For his relief, Plaintiff requests damages.  [*Id.* at 4.]

By Order filed April 20, 2015, this Court directed Plaintiff to answer special interrogatories, and he did so. [Docs. 10, 13.]  In response to this Court's questions, Plaintiff explained that he is currently incarcerated in SCDC on a probation violation and a charge of auto-breaking and entering; he received a three-year sentence on November 10, 2014. [Doc. 13.] With respect to his October 16, 2013, sentence for possession of crack cocaine, Plaintiff contends he was released from SCDC on January 16, 2014, to probation for two years.  [*Id.*]  Plaintiff explained that from the time he was released from SCDC custody in 2014 until he was re-incarcerated in SCDC later in 2014, he was serving probation.  [*Id.*]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the district court.  Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the district court

---

[1] He attached to the Complaint a copy of his sentencing sheet. [Doc. 1-2 at 1–2.]

[2] In response to this Court's May 5, 2015, Order, Plaintiff notified the Court in writing that he only seeks to sue two defendants in this action—Bernard Mackie and Ms. Gasque. [Doc. 19.]

to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal.  The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

Plaintiff is prohibited from bringing this civil action seeking damages for an alleged unconstitutional length of his state sentence because that sentence has not yet been invalidated. In *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), the Supreme Court pronounced,

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* Further, the Supreme Court stated that,

> . . . when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008).

The *Heck* holding applies to this case. Plaintiff alleges that Defendants Mackie and Gasque illegally refused to calculate his five-month sentence for possession of crack cocaine, imposed on October 16, 2013, to run concurrent to his August 16, 2013, probation violation sentence of five months. Thus, Plaintiff alleges, as a result of the improper execution or length of his sentence, they kept him in SCDC custody for 86 additional days. He seeks damages for the 86 days of wrongful imprisonment. Plaintiff's claim is an attack

4

on Plaintiff's October 16, 2013, sentence for possession of crack cocaine because he seeks to prove that it was executed incorrectly; thus, success in this action of course would imply that the duration of Plaintiff's sentence was unlawful. However, as the *Heck* Court explained, before Plaintiff can seek damages in a civil action for wrongful imprisonment for the 86 days, he first must allege that the sentence was invalidated, for example, by a reversal on direct appeal or a state or federal court's issuance of a writ of habeas corpus.

Notably, if a prisoner seeks to attack the length of his confinement, such a claim is within the core of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973). This Court recognizes that a person must be in custody in order to bring a habeas corpus challenge to a conviction or sentence. *Wilson v. Johnson*, 535 F.3d 262, 268 (4th Cir. 2008) (*Heck* does not bar a § 1983 lawsuit where a prisoner could not seek habeas relief). However, being on probation satisfies the custody requirement for habeas relief, and during the pertinent period of time when Plaintiff was not in SCDC custody he was on probation.[3] *See Bishop v. Cnty. of Macon,* 484 F. App'x 753 (4th Cir. 2012). Therefore, similar to the plaintiff in *Bishop*, the *Heck* holding bars this action.

## RECOMMENDATION

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25

---

[3] It appears Plaintiff was "in custody" for habeas purposes while he served the alleged illegal 86 days, as well as the time from his release on January 16, 2014, on probation until he was taken back into SCDC custody on November 10, 2014. Further, he is in custody now.

(1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  **Plaintiff's attention is directed to the important notice on the next page.**

                                                                     s/Jacquelyn D. Austin
                                                                     United States Magistrate Judge

May 21, 2015
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).